UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVEN YORMAK,

      Plaintiff,

v.                         Case No: 2:14-cv-33-FtM-29CM

BENJAMIN  H.  YORMAK  and
YORMAK    EMPLOYMENT    &
DISABILITY    LAW,    the
fictitious   name   of   BHY
Consulting,  LLC,  a  Florida
limited  liability  company,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss Amended Complaint (Doc. #16) filed on March 10, 2014. Plaintiff filed a Response (Doc. #19) on March 25, 2014. For the reasons set forth below, the motion is denied.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief

above the speculative level." Id. at 555.  See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation and citations omitted).  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## II.

Plaintiff Steven Yormak (Plaintiff) has filed a four-count Amended Complaint (Doc. # 13) against Defendants Benjamin Yormak

(Yormak) and Yormak Employment & Disability Law (YED) alleging breach of a written consulting agreement (Count One), breach of an oral consulting agreement (Count Two), unjust enrichment (Count Three), and seeking recovery in quantum meruit for legal consulting services (Count Four).  The underlying facts, as set forth in the Amended Complaint, are as follows.

Plaintiff is a lawyer admitted to the Bar of Massachusetts and the Law Society of Upper Canada (Ontario Bar).  (Doc. #13, ¶ 2.)  Yormak is an attorney admitted to the Florida Bar and is the sole managing member of Defendant Yormak Employment & Disability Law (YED).  (Id. at ¶¶ 3-4.)  On May 1, 2011 Plaintiff and Yormak entered into an oral consulting agreement under which Plaintiff was to assist Yormak in creating and operating an employment and disability law practice through the provision of various consulting services.  (Id. at ¶¶ 11-12.)  On August 18, 2012, the parties memorialized the oral agreement in writing.  (Id. at ¶ 13.)  Plaintiff provided the consulting services from May 1, 2011 through December 2012 when Yormak breached the consulting agreements by refusing to pay Plaintiff.  (Id. at ¶ 15.)  Accordingly, Plaintiff seeks compensation from Defendants for the unpaid consulting services via causes of action for breach of the oral and written consulting agreements, unjust enrichment, and recovery in quantum meruit.  (Id. at ¶¶ 10-47.)

**III.**

Defendants now move to dismiss the Amended Complaint, arguing that each count fails to state a claim upon which relief can be granted.  (Doc. #16.)  Plaintiff responds that each count was adequately pled.  (Doc. #19.)

**A.   Breach of Written or Oral Consulting Agreement (Counts One and Two)**

"For a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach."  Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1272 (11th Cir. 2009).  The elements of the cause of action do not differ if the contract in question is oral as opposed to written. St. Joe Corp. v. McIver, 875 So. 2d 375, 381 (Fla. 2004) ("An oral contract . . . is subject to the basic requirements of contract law such as offer, acceptance, consideration and sufficient specification of essential terms.").  As with written contracts, "[t]he fact that nonessential terms remain open is not fatal to an oral contract."  Id.

Here, Plaintiff alleges the existence of a consulting agreement in both oral and, subsequently, written form.  (Doc. #13, ¶¶ 11-13.)  Additionally, the written agreement is attached as an exhibit to the Amended Complaint and Yormak does not contest its authenticity.  (Doc. #13-1.)  Plaintiff further alleges that

- 4 -

he provided 1,100 hours of consulting services pursuant to the oral and written contracts, but that Yormak breached the contracts by failing to pay Plaintiff for the services rendered.  (Doc. #13, ¶ 18.)  As a result, Plaintiff contends that he was damaged in the amount of $660,000, the amount he alleges is owed to him by Yormak under the terms of the contracts.  (Id.)  Accordingly, Plaintiff has adequately alleged each element of his breach of contract causes of action.

Nevertheless, Yormak argues that the causes of action should be dismissed because the so-called consulting agreements are actually disguised agreements to share attorney's fees.  (Doc. #16, p. 6.)  According to Yormak, such agreements are prohibited by the ethical rules governing The Florida Bar (of which Yormak is a member) and the ethical rules governing the Massachusetts and Ontario Bars (of which Plaintiff is a member).  (Id. at pp. 6-7.)  Thus, Yormak contends that the Court should void the consulting agreements as contrary to public policy.  (Id. at pp. 6-14.)

As an initial matter, "Florida courts have held that it is error to use an ethical rule as a basis to invalidate or render void a provision in a private contract between two parties."  Viles & Beckman, P.A. v. Lagarde, No. 05-CV-558, 2006 WL 2556941, at *9 (M.D. Fla. Sept. 1, 2006).  Moreover, in order to reach Yormak's desired conclusion, the Court would have to reject the Amended Complaint's allegation that the contracts are valid consulting

agreements in favor of Yormak's proffered interpretation that they are actually proscribed fee-sharing agreements.  This is not permissible in the context of a motion to dismiss.  Whitney Nat. Bank v. SDC Communities, Inc., No. 09-CV-01788, 2010 WL 1270264, at *2 (M.D. Fla. Apr. 1, 2010) ("Defendants' argument centers on the interpretation of language in the contract and asks this Court to interpret the contract in their favor. At a motion to dismiss, it is inappropriate to decide such a factual matter.")

Accordingly, the Court finds that Plaintiff has adequately pled his breach of contract causes of action.

**B.   Unjust Enrichment (Count Three)**

"A claim for unjust enrichment has three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." Virgilio v. Ryland Grp., Inc., 680 F.3d 1329, 1337 (11th Cir. 2012); Florida Power Corp. v. City of Winter Park, 887 So. 2d. 1237, 1241 n.2 (Fla. 2004).

Here, Plaintiff has alleged that he conferred a benefit on Defendants by providing consulting services and assisting in setting up and operating a new employment and disability law practice.  (Doc. #13, ¶ 31.)  Plaintiff further alleges that Defendants voluntarily accepted and retained those benefits, as

evidenced by YED becoming a successful law practice, but unfairly refused to compensate Plaintiff for his services.  (<u>Id.</u> at ¶¶ 31-32.)  Accordingly, Plaintiff has adequately alleged his cause of action for unjust enrichment.[1]

## C.    **Quantum Meruit (Count Four)**

"Quantum meruit is the name for the legal doctrine which, in the absence of an express agreement, imposes legal liability on a contract that the law implies from facts where one receives goods or services from another under circumstances where in the normal course of common affairs a reasonable person receiving such benefit would ordinarily expect to pay for it."  <u>Osteen v. Morris</u>, 481 So. 2d 1287, 1289-90 (Fla. 5th DCA 1986).  To succeed on a claim of quantum meruit, a plaintiff must show "that the plaintiff provided, and the defendant assented to and received, a benefit in the form of goods or services under circumstances where, in the ordinary course of common events, a reasonable person receiving such a benefit normally would expect to pay for it."  <u>W.R. Townsend Contracting, Inc. v. Jensen Civil Const., Inc.</u>, 728 So. 2d 297, 305 (Fla. 1st DCA 1999).

Here, Plaintiff alleges that he provided consulting services to Defendants at their request and with the mutual understanding

---

[1] Defendants' sole argument to the contrary is that the benefits in question were conferred pursuant to illegal fee-sharing agreements.  As explained above, the Court will not engage in such an analysis in the context of a motion to dismiss.

that Plaintiff would be compensated for those services.  (Doc. #13, ¶¶ 38-42.)  Plaintiff further alleges that Defendants accepted these services and used them to develop a successful law firm.  (<u>Id.</u>)  Thus, Plaintiff contends that a reasonable person under similar circumstances would expect to compensate Plaintiff in return for his consulting services.  (<u>Id.</u> at ¶ 37.) Accordingly, Plaintiff has adequately alleged his cause of action for recovery in quantum meruit.[2]

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's Motion to dismiss (Doc. #16) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __22nd__ day of July, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

---

[2] As with Plaintiff's unjust enrichment cause of action, Defendants' sole ground for dismissal of this count is the contention that the consulting services were conferred pursuant to impermissible fee-sharing agreements.  As explained above, this argument is unavailing in the context of a motion to dismiss.