# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

STEVEN YORMAK,

       Plaintiff,

v.                                Case No:  2:14-cv-33-FtM-29CM

BENJAMIN H. YORMAK and
YORMAK EMPLOYMENT &
DISABILITY LAW,

       Defendants.

_____

## ORDER

Before the Court is Plaintiff's Motion to Compel Discovery from Defendant Benjamin Yormak ("Yormak") (Doc. 26) and Defendant Yormak's Response in Opposition (Doc. 31).   Also before the Court is Plaintiff's Motion to Compel Discovery from Defendant BHY Consulting, LLC d/b/a Yormak Employment & Disability Law ("Yormak Law") (Doc. 27) and Yormak Law's Response in Opposition (Doc. 32).

Plaintiff moves to compel both Defendants' 2010-2013 federal income tax returns and Yormak Law's 2010-2013 year-end income statements.   Although the Court acknowledges the privacy concerns at issue, Plaintiff has shown that the requested information is relevant to his claims against Defendant Yormak Law.   Thus, for the reasons set forth below, the Motion is due to be granted with respect to Defendant Yormak Law, but not as to Defendant Yormak.

## I.   Background

Plaintiff Steven Yormak filed a four-count Amended Complaint (Doc. 13), alleging breach of breach of a written (Count One) and an oral (Count Two) consulting agreement against Defendant Yormak; and unjust enrichment (Count Three) and recovery in quantum meruit for legal consulting services (Count Four) against both Defendants Yormak and Yormak Law.   Plaintiff is a lawyer admitted to the Bar of Massachusetts and the Law Society of Upper Canada.   Doc. 13 at ¶ 2.   Yormak, Plaintiff's son, is an attorney admitted to the Florida Bar and is the sole managing member of Defendant Yormak Law.   *Id.* at ¶¶ 3-4.   On May 1, 2011 Plaintiff and Yormak entered into an oral consulting agreement under which Plaintiff was to assist Yormak in creating and operating an employment and disability law practice by providing various consulting services.   *Id.* at ¶¶ 11-12.   On August 18, 2012, the parties memorialized the oral agreement in writing.   *Id.* at ¶ 13.   Plaintiff alleges that Yormak breached the consulting agreements by refusing to pay Plaintiff.   *Id.* at ¶ 15.   Defendants admit Plaintiff performed some consulting services that benefitted them, but respond that Plaintiff has been paid in full for all consulting services he provided.   Doc. 25 at ¶¶ 31, 33, 41.

On May 16, 2014, Plaintiff served Defendants with his First Request for Production of Documents.   Docs. 26-1, 27-1.   After the parties met and conferred regarding the requests and were unable to agree on a confidentiality order, Defendants responded on June 17, 2014 by asserting objections to the requests, and to date have not produced any documents.

Plaintiff argues that the information sought is relevant in order for him to prove the value of his consulting services to Defendants in prosecuting his unjust enrichment and quantum meruit claims, contending that Yormak and his law firm made more income because of those services.[1]  Defendants do not dispute that damages in an unjust enrichment claim are calculated by determining the value of the benefit received, but argue that the federal income tax returns will not disclose this information.   Defendants assert there is nothing in the tax returns that will link any of their earnings with the value of the benefits allegedly conferred on them by Plaintiff.   Thus, they argue, the information sought is irrelevant and meant solely to harass the Defendants.

## II.   Analysis

Unjust enrichment, synonymous with quasi-contract, is a legal obligation created in the absence of an express contract to remedy the unjust retention of a benefit conferred upon a party.   *Baron v. Osman*, 39 So.3d 449, 451 (Fla. 5th DCA 2010).   The doctrine applies only if the following three elements are present: (1) the plaintiff conferred a benefit on the defendant, who had knowledge of the benefit; (2) the defendant voluntarily accepted and retained the benefit; and (3) under the circumstances, it would be inequitable for the defendant to retain value of the benefit without paying for it.   *Shands Teaching Hosp. & Clinics, Inc. v. Beech St. Corp.*, 899

---

[1] Plaintiff also argues that although Defendants have asserted that the discovery is protected by the attorney-client or work product privileges, the privilege does not apply and Defendants otherwise did not provide a privilege log.   Defendants respond that they are is not asserting a privilege objection and are only withholding the documents on relevancy grounds, in addition to confidentiality concerns.   Thus, the Court does not address the privilege argument.

So.2d 1222, 1227 (Fla. 1st DCA 2005).   *See also Levine v. Fieni McFarlane, Inc.*, 690 So.2d 712, 713 (Fla. 4th DCA 1997) (damages for unjust enrichment are based on value from the standpoint of the recipient of the benefits); *Zaleznik v. Gulf Coast Roofing Co., Inc.*, 576 So.2d 776, 779 (Fla. 2d DCA 1991) (unjust enrichment permits a party to recover the fair market value of their goods and services as a damage remedy); *Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802, 806 (11th Cir. 1999) (applying Florida law and stating that unjust enrichment is "measured in terms of the benefit to the owner, not the cost to the provider").

Similarly, "[q]uantum meruit is the name for the legal doctrine which, in the absence of an express agreement, imposes legal liability on a contract that the law implies from facts where one receives goods or services from another under circumstances where in the normal course of common affairs a reasonable person receiving such benefit would ordinarily expect to pay for it." *Osteen v. Morris*, 481 So.2d 1287, 1289-90 (Fla. 5th DCA 1986).   To succeed on a claim of quantum meruit, a plaintiff must show "that the plaintiff provided, and the defendant assented to and received, a benefit in the form of goods or services under circumstances where, in the ordinary course of common events, a reasonable person receiving such a benefit normally would expect to pay for it." *W.R. Townsend Contracting, Inc. v. Jensen Civil Const., Inc.*, 728 So.2d 297, 305 (Fla. 1st DCA 1999).

1.     **Defendant Yormak**

Plaintiff requested Yormak's federal income tax returns for years 2010, 2011, 2012 and 2013.   Yormak objected on relevancy grounds, noting that the tax returns include the personal financial wealth information for his spouse who is not a party. Yormak also argued that the request is an invasion of his constitutional right of privacy[2] and is meant to embarrass and harass him.

The party seeking discovery has the threshold burden of showing that the requested discovery is relevant.   *Siddiq v. Saudi Arabian Airlines Corp.*, 2011 WL 6936485, at *2 (M.D. Fla. Dec. 7, 2011).   In support of his relevancy argument, Plaintiff relies on *Bd. of Trustees of Internal Improvement Trust Fund v. American Educational Enterprises, LLC,* 99 So.3d 450 (Fla. 2012).   Unlike here, however, that case that did not involve the discovery of personal income tax returns.   In *Bd. of Trustees*, the Florida Supreme Court very narrowly held that where there is a dispute

---

[2] Although included in his discovery response, Yormak does not assert the privacy objection in the briefing.   "[T]he law in the state of Florida recognizes an individual's legitimate expectation of privacy in financial institution records." *Winfield v. Division of Pari-Mutuel Wagering, Dept. of Business Regulation*, 477 So.2d 544, 548 (Fla. 1985).   However, this privacy right does not prohibit the discovery of financial records in every instance. Instead, the Florida Supreme Court has determined:

> [w]hile the general rule in Florida is that personal financial information is ordinarily discoverable only in aid of execution after judgment has been entered, where materials sought by a party "would appear to be relevant to the subject matter of the pending action," the information is fully discoverable. A party's finances, if relevant to the disputed issues of the underlying action, are not excepted from discovery under this rule of relevancy, and courts will compel production of personal financial documents and information if shown to be relevant by the requesting party.

*Friedman v. Heart Institute of Port St. Lucie, Inc.*, 863 So.2d 189, 194 (Fla. 2003) (internal citations omitted).   Accordingly, the test is one of relevancy, which the Court considers here.

as to the assessment of property value, certain financial documents, including federal tax returns, of a corporate entity that purchased the property would be relevant. *Id.* at 459. The court noted that the value of real estate "is approached in many ways including an income approach," and the income tax returns were relevant because they were submitted by the corporation when it sought financing for the real estate transaction at issue. *Id.* at 458. The Court finds the facts in that case inapposite to the instant case. Although there was an unjust enrichment claim pled in *Bd. of Trustees* (as well as claims for negligent misrepresentation, fraud in the inducement and reformation of contract), the court did not make it relevancy holding on that basis. There, the party seeking to compel discovery was not seeking to use the tax returns to show the value of a benefit to the opposing party, as Plaintiff seeks to do here.

The court in *Bd. of Trustees* did recognize, however, that "[g]enerally, private individual financial information is not discoverable when there is no financial issue pending in the case to which the discovery applies." 99 So.3d at 453 (citing *Friedman v. Heart Inst. of Port St. Lucie*, 863 So.2d 189, 194 (Fla. 2003)); *Aspex Eyewear, Inc. v. Ross*, 778 So.2d 481, 481-82 (Fla. 4th DCA 2001) ("Ordinarily the financial records of a party are not discoverable unless the documents themselves or the status which they evidence is somehow at issue in the case."). "[W]here materials sought by a party 'would appear to be relevant to the subject matter of the pending action,' the information is fully discoverable." *See Friedman*, 863 So.2d at 194 (quoting *Epstein v. Epstein*, 519 So.2d 1042, 1043 (Fla. 3d DCA 1988)). Although federal district

courts are split as to whether tax returns are privileged and entitled to enhanced protection from discovery, the Eleventh Circuit has acknowledged that a court is substantially justified in relying on out-of-circuit caselaw that recognizes a general public policy against disclosure of tax returns, but has not adopted a heightened showing beyond relevance.   *See Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997); *see also United States v. Certain Real Property*, 444 F. Supp. 2d 1258, 1263-64 (S.D. Fla. 2006) (citing split among the courts).

In this case, Yormak does not dispute that Plaintiff performed some consulting services for him, from which he benefitted.   Doc. 25 at ¶¶ 31, 33, 41.   Here, Plaintiff seeks Yormak's personal tax returns to prove the *value* of that benefit, but Plaintiff has not demonstrated to the Court that the gross income figures contained in Yormak's personal returns would tend to prove this or has been put at issue in this case.   Therefore, the personal tax returns are not relevant to Plaintiff's claims asserted against Defendant Yormak.[3]

### 2.    Defendant Yormak Law

Plaintiff also requested Yormak Law's federal income tax returns and year-end income statements for years 2010, 2011, 2012 and 2013.   Yormak Law objected that the request is vague and ambiguous because Plaintiff failed to define "year-end income statement."   Defendant further objected on relevancy grounds.   Yormak

---

[3] Plaintiff also argues that Yormak's tax return could contain names and "other various information" which could lead to admissible discovery.   Doc. 26 at 6.   This cursory argument does not satisfy the Court that the tax returns are relevant to the instant litigation.

Law asserts that to the extent that the Court requires production, a confidentiality agreement would be required to protect Defendant's private financial information.

The Court finds that the information sought is relevant to Plaintiff's claims against Yormak Law.   The written Consulting Agreement (Doc. 13-1) entered into by the parties on August 18, 2012, states that Yormak Law was to provide Plaintiff on a bi-annual basis "[a]ll law practice/corporate financial statements within 30 days of year end (including 2011)," and a "[l]isting of office deductible expenses as per Schedule 'B' form attached, or similar, along with reasonable requests for supporting documentation."   Doc. 13-1 at ¶ 8(i)-(ii); pp. 12-13.   Further, in order to calculate the consultant payment plan for 2013, Yormak Law's net income was to be used.   Doc. 13-1 at 8 ("Schedule A2").   Thus, because the firm's net income and deductible expenses figures were used by the parties themselves when determining Plaintiff's compensation, this information is at issue in the case and the documents should be produced.

With regard to Yormak Law's objection that the request fails to define "year-end income statement," the Court notes that the Consulting Agreement references year-end "corporate financial statements" of the firm.   Doc. 13-1 at ¶ 8(i).   Thus, the Court assumes that there is a statement generated by Yormak Law at year's end that includes a calculation of the firm's income for that year.   This is the type of document that should be produced.   The Court is certainly mindful of Yormak Law's privacy concerns.   Therefore, the Court strongly suggests, to the extent they have not done

so already, that the parties enter into a mutually agreeable confidentiality agreement in which they can agree to limit review and disclosure of the financial records.

ACCORDINGLY, it is hereby

**ORDERED:**

1.    Plaintiff's Motion to Compel Discovery from Benjamin Yormak (Doc. 26) is **DENIED**.

2.    Plaintiff's Motion to Compel Discovery from Defendant BHY Consulting, LLC d/b/a Yormak Employment & Disability Law (Doc. 27) is **GRANTED**. Defendant Yormak Law shall have up to and including **September 30, 2014** to produce the documents as set forth in this Order.

**DONE** and **ORDERED** in Fort Myers, Florida on this 16th day of September, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record