## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

STEVEN YORMAK,

           Plaintiff,

v.                                Case No:   2:14-cv-33-FtM-29CM

BENJAMIN H. YORMAK and
YORMAK EMPLOYMENT &
DISABILITY LAW,

           Defendants.

_____

## ORDER

Before the Court is Plaintiff *pro se* Steven Yormak's Emergency Motion Citing Defendant for Sanctions and Contempt and to Extend Time to File Plaintiff Expert Report (Doc. 56)[1] and Defendants' Joint Response (Doc. 63).   Plaintiff has moved to withdraw the request for sanctions and contempt but still requests an extension of time for expert disclosures.   Doc. 75.   Also before the Court is Plaintiff's Motion to Compel Second Request for Production of Documents from Yormak Employment & Disability Law ("Yormak Law") (Doc. 52, "Motion to Compel").   Defendants filed a response in opposition to the Motion to Compel, requesting that a protective order be entered (Doc. 53).   Plaintiff has filed an opposition to the Motion for Protective Order

---

[1] Plaintiff titled his motion "emergency" because he alleged that his efforts at conducting discovery had been frustrated and thwarted by Defendants.   The Court acknowledged that the emergency motion was filed, but noted that it was not a true emergency, directing Defendants to file a response.   Doc. 58.

Doc. 66.   Discovery closes on January 15, 2015, and the case is set for the May 2015 trial term.   Doc. 51.

## I.   Background

Plaintiff Steven Yormak filed a four-count Amended Complaint (Doc. 13), alleging breach of breach of a written (Count One) and an oral (Count Two) consulting agreement against Defendant Benjamin Yormak ("Yormak") and unjust enrichment (Count Three) against both Defendants Yormak and Yormak Law.[2]   Plaintiff is a lawyer admitted to the Bar of Massachusetts and the Law Society of Upper Canada, Ontario Bar. Doc. 13 at ¶ 2.   Yormak, Plaintiff's son, is an attorney admitted to the Florida Bar and is the sole managing member of Defendant Yormak Law.   *Id.* at ¶¶ 3-4.

On May 1, 2011, Plaintiff and Yormak entered into an oral consulting agreement under which Plaintiff was to assist Yormak in creating and operating an employment and disability law practice by providing various consulting services.   *Id.* at ¶¶ 11-12.   On August 18, 2012, the parties memorialized the oral agreement in writing.   *Id.* at ¶ 13.   Defendants state that Plaintiff was present for some client meetings with his son.   Doc. 53 at 6.   Plaintiff alleges that Yormak breached the consulting agreements by refusing to pay Plaintiff.   *Id.* at ¶ 15.   Defendants admit Plaintiff performed some consulting services that benefitted them, but respond that

---

[2] Plaintiff voluntarily dismissed his request for quantum meruit (Count Four).   Doc. 34.

Plaintiff has been paid in full for all consulting services he provided.   Doc. 25 at ¶¶ 31, 33, 41.

## II.    Motion to Compel

Plaintiff seeks to compel Defendants to produce all documents responsive to his Second Request for Production of Documents served on August 28, 2014, which contains three requests.   Doc. 52.   Plaintiff states that Defendants have not produced any documents to date.   Defendants respond in a global fashion to Plaintiff's Motion to Compel, arguing against the second request, as well as every request for production of documents and interrogatories propounded by Plaintiff to date, and seek a protective order.   Doc. 53.   Defendants seek protection from producing any documents, information, or a privilege log, arguing that Plaintiff's discovery requests seek irrelevant and privileged information and are designed to harass Defendants.   The Court first will address Plaintiff's Second Request for Production raised in his Motion to Compel.

> **Request No. 1**:  All documents relating to (redacted) matter (v. CBL) including but not limited to any agreement with any law firm/attorneys, including all financial records and disbursement of funds (fees, disbursements, accounts or otherwise) therein to any party including the Defendant.

> **Request No. 2**:   All documents relating to the (M.B.) matter – Qui tam matter.

> **Request No. 3**:   The client files for each of the 80 files referred to in the Consultant Agreement, including the engagement agreement, closing statement or billing statements for each matter.

**<u>Response</u>**: [3]   Defendant objects to this request on grounds that it
specifically requires Defendant and co-Defendant Benjamin Yormak to
violate the ethical duty of confidentiality owed to clients pursuant to
Rule 4-1.6 of the Rules Regulating the Florida Bar.   All of the
documents requested by Plaintiff constitute information relating to the
representation of a client
. . . .

Defendants' response continues, arguing attorney-client privilege, overbreadth, and

relevancy.   Doc. 52 at 5-6.   Plaintiff argues that the information is relevant because

the Consulting Agreement (Doc. 13-1) entered into by the parties refers to the CBL

and qui tam matters, and under the agreement Plaintiff was entitled to 70% of the

fees paid to Defendant from those files.   Plaintiff further argues that the information

sought is relevant to prove the value of his consulting services to Defendants in

prosecuting his unjust enrichment claim, contending that Yormak and his law firm

made more income on the files he worked on because of those services.   Accordingly,

Plaintiff argues that he is entitled to any information and documents regarding the

fees received by Defendants on the files.

The party seeking discovery has the threshold burden of showing that the

requested discovery is relevant.   *Siddiq v. Saudi Arabian Airlines Corp.*, 2011 WL

6936485, at *2 (M.D. Fla. Dec. 7, 2011).   Unjust enrichment, synonymous with quasi-

contract, is a legal obligation created in the absence of an express contract to remedy

the unjust retention of a benefit conferred upon a party.   *Baron v. Osman*, 39 So.3d

449, 451 (Fla. 5th DCA 2010).   The doctrine applies only if the following three

elements are present: (1) the plaintiff conferred a benefit on the defendant, who had

---

[3] Defendants' responses were essentially the same for Request Nos. 1, 2, and 3.

knowledge of the benefit; (2) the defendant voluntarily accepted and retained the benefit; and (3) under the circumstances, it would be inequitable for the defendant to retain value of the benefit without paying for it.   *Shands Teaching Hosp. & Clinics, Inc. v. Beech St. Corp.*, 899 So.2d 1222, 1227 (Fla. 1st DCA 2005*)*.   *See also Levine v. Fieni McFarlane, Inc.*, 690 So.2d 712, 713 (Fla. 4th DCA 1997) (damages for unjust enrichment are based on value from the standpoint of the recipient of the benefits); *Zaleznik v. Gulf Coast Roofing Co., Inc.*, 576 So.2d 776, 779 (Fla. 2d DCA 1991) (unjust enrichment permits a party to recover the fair market value of their goods and services as a damage remedy); *Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802, 806 (11th Cir. 1999) (applying Florida law and stating that unjust enrichment is "measured in terms of the benefit to the owner, not the cost to the provider").

The written Consulting Agreement (Doc. 13-1) entered into by the parties on August 18, 2012, states that Yormak Law was to provide Plaintiff on a bi-annual basis "[a]ll law practice/corporate financial statements within 30 days of year end (including 2011)," and a "[l]isting of office deductible expenses as per Schedule 'B' form attached, or similar, along with reasonable requests for supporting documentation."   Doc. 13-1 at ¶ 8(i)-(ii); pp. 12-13.   Thus, the firm's net income and deductible expenses figures were used by the parties when determining Plaintiff's compensation.

The Court agrees with Defendants that the request for "all documents" and the entire client files is overbroad and would contain irrelevant and attorney-client privileged information.   The Court agrees with Plaintiff, however, that the amount

of fees generated from the CBL and qui tam matter as well as from all of Defendants' other matters during the time period covered under the consulting agreement are relevant and not protected by the attorney-client privilege.   Yet this information has already been produced by Defendant Yormak Law.   In its September 16, 2014 Order (Doc. 33), the Court ordered Yormak Law to produce its federal income tax returns and year-end income statements for years 2010, 2011, 2012, and 2013.   These documents should reflect any fees that were received by Defendants from the client files mentioned in the consulting agreement. Thus, Plaintiff's motion to compel is denied.[4]

### III.    Motion for Protective Order

Defendants request an order to protect them from producing documents and responding to all interrogatories propounded by Plaintiff to date.   Defendants do not address each discovery request individually in their motion.   Rather, Defendants paraphrased the requests in the motion and attached the requests as exhibits.   Docs. 53-1 – 53-7.

Rule 26 provides that before a protective order may issue, the movant must show good cause why justice requires an order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense."   *See* Fed. R. Civ. P. 26(c).   To establish good cause, the moving party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory

---

[4] In his response to Defendants' Motion for Protective Order, Plaintiff requested leave to file a reply brief in further support of his Motion to Compel.   Doc. 66.   Because a reply brief would not assist the Court in resolving the issues raised, the request is denied.

statements." *U & I Corp. v. Adv. Med. Design, Inc.*, 251 F.R.D. 667, 673 (M.D. Fla. 2008) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). Conclusory predictions of "annoyance" and "embarrassment" cannot justify a protective order. *See Dang v. Eslinger*, 2014 WL 3611324, at *3 (M.D. Fla. July 22, 2014) (citing *Jennings v. Family Mgmt.*, 201 F.R.D. 272, 275 (D.D.C. 2001) ("[T]he movant must articulate specific facts to support its request and cannot rely on speculative or conclusory statements."); *Bucher v. Richardson Hospital Auth.*, 160 F.R.D. 88, 92 (N.D. Tex. 1994) ("Conclusory assertions of injury are insufficient.")). "Rule 26(c) gives the district court discretionary power to fashion a protective order. The decision does not depend upon a legal privilege." *Farnsworth v. Procter & Gamble, Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985).

The Court finds that a majority of Plaintiff's discovery requests seek information that is not relevant to Plaintiff's measure of damages, that is, a measure of the benefit conferred on Defendants by Plaintiff. For example, Plaintiff requests Yormak's class rank in law school and undergraduate school, as well as the number of law schools he applied to and his LSAT scores. Docs. 53-2, 53-4. Plaintiff also seeks copies of Benjamin Yormak's resumes, transcripts and correspondence between Defendants and their counsel regarding this and other cases. Further, Plaintiff requests copies of Yormak's personal bank statements, credit card statements and investments, along with copies of receipts for purchases over $2,500 for himself or his wife, including for their wedding reception and vacations. Doc. 53-7. Thus, Defendants have shown good cause for a protective order, in part to protect

Defendants from the production of irrelevant information, and also to protect them from annoyance and embarrassment.   The Court has reviewed the requests (Docs. 53-1 – 53-7) and finds that only Interrogatory No. 2 of Plaintiff's First Set of Interrogatories, which requests information regarding Defendants' financial statements, deductible expenses, and fees generated on files under the Consulting Agreement, to be relevant because the requested figures were used by the parties in determining Plaintiff's compensation.   Docs. 53-2 at 10; 53-3 at 9.   Thus, Defendants are directed to supplement their responses to this interrogatory.   As to all other requests, the motion for protective order is granted.

## IV.   Expert Deadlines

Plaintiff seeks an extension of the expert report deadline, currently set for November 14, 2014, because prior to rendering his expert opinion Plaintiff's expert needs to review the financial documents as well as other documents that Defendants have refused to produce.[5]   Plaintiff requests that the expert report deadline be extended until 21 days after the Defendants produce all financial information and documents pursuant to any future discovery orders entered by the Court.   Doc. 75. The Court notes that Plaintiff has received the financial documents the Court ordered produced in its September 16, 2014 Order, but Plaintiff states that his expert needs more financial documents that have not yet been produced.   Docs. 74, 75-2.   The Court is not inclined to extend the expert disclosure deadline indefinitely, as

---

[5] The Court previously extended the expert disclosure deadline at Plaintiff's request so that his expert could review Defendants' tax return information.   Doc. 50.

requested.   The Court will extend the deadline to allow for Defendants to supplement its response to Interrogatory No. 2 as discussed above, and to allow Plaintiff and Defendants' experts to prepare their reports.   This also will necessitate that all other deadlines in this case be extended.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Plaintiff's Emergency Motion Citing Defendant for Sanctions and Contempt (Doc. 56) is **GRANTED in part and DENIED AS MOOT in part**.   Plaintiff's request for sanctions is **DENIED AS MOOT** as it has been withdrawn by Plaintiff. Plaintiff's request for an extension of the expert disclosure deadline is **GRANTED in part**.   Plaintiff's expert disclosure deadline shall be extended until **January 15, 2014**. Defendants' expert disclosure deadline will be **February 16, 2015**.   The Clerk is directed to issue an amended case management and scheduling order, setting this case for the August 2015 trial term.

2.   Plaintiff's Motion to Compel Second Request for Production of Documents from Yormak Employment & Disability Law (Doc. 52) is **DENIED**.

3.   Defendants' Motion for Protective Order (Doc. 53) is **GRANTED in part and DENIED in part.**   Defendants shall supplement their responses to Interrogatory No. 2 of Plaintiff's First Set of Interrogatories on or before **December 19, 2014**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 5th day of December, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Unrepresented party