## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

STEVEN YORMAK,

       Plaintiff,

v.                                    Case No:  2:14-cv-33-FtM-29CM

BENJAMIN H. YORMAK and
YORMAK EMPLOYMENT &
DISABILITY LAW,

       Defendants.

_____

## CONFIDENTIALITY ORDER

Based upon the submissions and agreements reached by the parties (Docs. 57-1, 71-2), the Court enters the following confidentiality order for the protection of sensitive and confidential information that may be disclosed in this matter:

1.    <u>Purpose</u>. This Confidentiality Order is intended to facilitate discovery and to eliminate, where possible, disputes between the parties concerning discovery issues by providing court-ordered protection for confidential, non-public information. It is not, however, intended to diminish the rights of any party to have information to which it is entitled pursuant to any rule or Order of this Court, or otherwise. Defendants have agreed to produce certain proprietary and confidential business information to Plaintiff and Plaintiff may be in a position to agree to produce or allow the production of certain business and financial records to Defendants.  All such documents shall be deemed confidential and subject to the provisions of this Confidentiality Order.

2.      <u>Definitions</u>. "Confidential" as used herein means private, personal, and/or nonpublic information, whether documentary or otherwise, designated as "Confidential" by the parties, or any third party pursuant to a subpoena (each a "Producing Party" when so designating and delivering or producing) in the course of discovery in this action.   Such designation shall not be arbitrary but will be subject to reasonableness.   Confidential information includes, but may not be limited to, information that is proprietary business, financial, or other commercially sensitive information (hereinafter collectively "Confidential" information).

3.      <u>Designation of Confidential Information</u>.   Any party to this action and any third party who is required to produce information in this action pursuant to subpoena may designate information as "Confidential" provided such designation is for information which has been treated as confidential by the Producing Party.

4.      <u>Use of Confidential Information</u>.   Confidential information shall be used by the party or parties to whom it is produced only for the prosecution and/or defense of claims asserted in this action.   It shall not be used by such party or parties for any other purpose.   Use of any information subject to this Confidentiality Order shall be restricted solely to the litigation of this case and shall not be used in any other case or by any party or attorney, for any personal, business, commercial or competitive purpose.

5.      <u>Persons Entitled to See Confidential Information</u>.   Information or documents designated as "Confidential" shall not be disclosed by the party or parties to whom it is produced to anyone except:

a.    The parties to this action, and any of the parties' employees or others directly involved in preparation of the case;

b.    Counsel to the parties to this action and the personnel who work under their supervision, such as paralegals and secretaries;

c.    Experts or consultants retained to assist with the case or to serve as expert witnesses at the trial of this action;

d.    Non-party witnesses at depositions taken during the course of discovery in this action so long as the Confidential Information is information already known to that witness or if consent is otherwise obtained from the Producing Party; and/or

e.    The Court.

6.    <u>Designation of Written Information as Confidential Information</u>.   To designate written information as Confidential information, the Producing Party shall mark the information "Confidential" or specifically identify a specific collection of documents (such as an identified file) or written information as "Confidential."   To designate information contained in electronic data and files as Confidential information, the Producing Party shall provide a written notice to all parties, in advance or simultaneously with the production of the data or file that clearly defines the documents and/or information or electronic records to be treated as Confidential information.   Confidential personal information which is not relevant which may include social security numbers and bank account numbers, may be redacted at the discretion of the producing party subject to the terms herein.

7.    <u>Designation of Deposition Testimony as Confidential Information</u>.   The indiscriminate or wholesale designation of entire deposition transcripts as Confidential is not permitted unless ordered by the Court.   If, however, a party or

witness in good faith believes any portion of the testimony in a deposition taken during the course of discovery in this action contains Confidential information and that such designation of the information would be consistent with the purpose of this Confidentiality Order, then such party or witness may designate such information as Confidential as applicable, according to the terms of this paragraph 6 of this Confidentiality Order.   Any party or witness intending to designate any portion of deposition testimony as Confidential may notify the court reporter, the opposing party, and/or opposing counsel of record during the deposition or within fifteen (15) days after his or her receipt of the transcript of his/her intention to designate portions of the transcript as Confidential information and to inform counsel of record in writing of such designation.   Until such designations have been completed or the fifteen (15) days have expired, whichever first occurs, the transcript shall be treated as Confidential information by all parties and others, including counsel, subject to this Confidentiality Order.

8.     <u>Filing with the Court</u>.     Any party intending to file Confidential information with the Court (in any form whatsoever) shall take all steps necessary either to redact the Confidential information where possible or seek leave to file the Confidential information under seal.   Nothing in this Confidentiality Order shall restrict the right of a party to rely upon or introduce as evidence at trial information classified as Confidential subject to whatever guidelines the Court may impose in this regard.

9.     Except as otherwise provided in this Confidentiality Order, any person or party who is to receive Confidential information must execute a declaration substantially in the following form before receiving any such information:

> I, (name), understand that documents and information which are to be disclosed to me by counsel of record for (name of party) are to be used by me, my staff and/or contractors solely to assist such counsel in the prosecution or defense of claims involved in or related to the action *Steven Yormak v. Benjamin Yormak and Yormak Employment and Disability Law*, pending in the United States District Court for the Middle District of Florida.   Case No. 2:14-cv-00033-FtM-JES-CM. I further understand that a Confidentiality Order, a copy of which has been shown to me, prohibits me from either using such document and information for any other purpose or disclosing such documents and information to any person other than counsel of record for (name of party) or persons assisting them.   In accepting disclosure, I agree to be bound by the Confidentiality Order and submit to the jurisdiction of the Court for the purposes of its enforcement.

Copies of these declarations shall, upon request, be exchanged by counsel.   The confidentiality requirements of this Order shall in all respects apply to the following persons, however, such declarations shall not be required of:

> a.     Counsel of record, *pro se* parties, and legal, paralegal, clerical, secretarial, and other persons employed by *pro se* parties or counsel of record for any party on a regular basis and not solely for the purposes of the instant litigation; or
>
> b.     Court personnel.

10.     <u>Continuing Effect/Termination of Litigation</u>.   Within thirty (30) days following the date on which all claims brought in this action have been either reduced to judgment or dismissed, each party (or counsel, as applicable) shall assemble and return to the Producing Party all Confidential information not already in their

possession, all copies thereof, and all material or memoranda embodying information so designated.

11.  <u>Dispute</u>.  If any party disagrees with the designation of any information as Confidential information, such party shall notify the Producing Party and the parties then shall attempt in good faith to resolve their dispute before seeking relief from the Court.  The parties (or counsel, as applicable) agree that, pending the resolution of any such dispute, they will treat the information subject to such dispute as Confidential under the terms of this Confidentiality Order.

12.  <u>Inadvertent Production</u>.  The Producing Party's inadvertent production of any information or document without designating it as Confidential information shall not by itself be deemed a waiver of the Producing Party's claim of confidentiality as to that information or document.   If the Producing Party wishes to designate the information or document as Confidential after production, it shall consult with the opposing party and the parties shall make a good faith effort to resolve the matter. If the parties are not able to resolve the matter informally, the Producing Party may apply to the Court for an Order designating the information or document as Confidential or compelling the return of the information or document, as appropriate. The parties agree that, pending the resolution of any such disputed matter, they will treat the information or document subject to the Confidential designation, as applicable, under the terms of this Confidentiality Order.

13.  The terms of this Confidentiality Order shall be continuing, even after the conclusion of this action, unless otherwise agreed by the parties or ordered by this

Court.   The Court will not retain jurisdiction after the matter is closed to resolve disputes that may arise.

14.    Nothing in this Confidentiality Order shall be deemed a waiver of any party's right to oppose any discovery requests on grounds other than the same constitutes or contains confidential information or to object on any ground to the admission into evidence at the trial of this matter of any Confidential information.

15.    In the event a party believes that such a violation of this Confidentiality Order has occurred, the injured party may file a motion with the Court seeking appropriate relief.

CAROL MIRANDO
United States Magistrate Judge

**DONE** and **ORDERED** in Fort Myers, Florida on this 17th day of December, 2014.