## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

STEVEN YORMAK,

      Plaintiff,

v.                             Case No:  2:14-cv-33-FtM-29CM

BENJAMIN H. YORMAK and
YORMAK EMPLOYMENT &
DISABILITY LAW,

      Defendants.

_____

## ORDER QUASHING NON-PARTY SUBPOENAS
## AND FOR PLAINTIFF TO SHOW CAUSE

Before the Court is Defendant, Benjamin H. Yormak's Emergency Motion for
Protective Order and to Quash Subpoenas on Non-Parties J.O. and P.P. (Doc. 89); and
Defendant, Benjamin H. Yormak's Emergency Motion for Protective Order and to
Quash Subpoenas on Non-Parties Roger Miller ("Miller") and Creative Accounting
Solutions, Inc. ("Creative") (Doc. 90), both filed on December 17, 2014.[1]   Plaintiff
issued subpoenas to these four non-parties for depositions and production of records,
requiring their compliance on December 23, 2014.   No responses have yet been filed,
but the Court will rule on the motions without the benefit of a response because of
the timing of the depositions and because the Court already has addressed the issues
raised in previous orders.   The Court finds that the deposition subpoenas should be

---

[1] Defendant Yormak Employment & Disability Law ("Yormak Law") joined in the
motions on December 18, 2014.   Docs. 92, 93.

quashed, because they are procedurally defective and seek the production of information the Court has previously ruled is privileged and irrelevant.[2]

At the outset, Steven Yormak ("Steven")[3] served the subpoenas without proper notice to the Defendants and non-parties, as required by Federal Rule 45 and Local Rule 3.02.   The non-parties were served with the subpoenas on December 17, 2014, for depositions on December 23, 2014, providing only 6 days' notice.   Defendants were provided notice of the depositions of non-parties J.O., P.P., and Miller[4] on December 10 and 12, 2014, respectively, providing Defendants only 11 and 13 days' notice.[5]   On December 11, 2014, Defendant Benjamin Yormak ("Benjamin"), Steven's son, informed Steven that he was unavailable on December 23, 2014, due to a previously scheduled mediation in another matter but Steven was unwilling to reschedule the depositions.

Rule 45 of the Federal Rules of Civil Procedure requires that if a subpoena commands the production of documents, before it is served on the non-party a notice

---

[2] Although the subpoenas were directed to non-parties, Defendant filed the motions to quash.   "Ordinarily a party does not have standing to quash a subpoena served on a third party unless the party seeks to quash based on a personal right or privilege relating to the [discovery] being sought."   *Maxwell v. Health Ctr. of Lake City, Inc.*, No. 3:05-cv-1056-J-32MCR, 2006 WL 1627020, at *2 (M.D. Fla. June 6, 2006).   Here, Defendant is asserting that the information sought is privileged and confidential and therefore may seek the protection that Rule 45 affords to non-parties.

[3] Steven is a practicing attorney, licensed in Massachusetts and Canada.

[4] Defendant states that Plaintiff failed to provide Defendants with any notice of the Creative deposition.   Doc. 90 at 16-17.

[5] The notice of depositions served on Defendants stated that 10 days after service of this notice, if no objection is received from any party, Plaintiff would serve the subpoenas on the non-parties.   Plaintiff served the subpoenas on the non-parties prior to the 10 days expiring.

and copy of the subpoena must be served on each party.   Fed. R. Civ. P. 45(a)(4).
Although there is no fixed time limit for service of subpoenas under Rule 45, pursuant
to Local Rule 3.02 a party desiring to take the deposition of any person shall give at
least 14 days' notice in writing to every other party to the action and to the deponent
if the deponent is not a party.   M.D. Fla. Rule 3.02.   Pursuant to Rule 45, the "court
for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply; . . . (iii) requires disclosure of privileged
or other protected matter, if no exception or waiver applies; or (iv) subjects a person
to undue burden."   Fed. R. Civ. P. 45(d)(3)(A).   Here, the non-parties were provided
only 6 days' notice of a subpoena that requested them to produce multiple documents,
which fails to allow a reasonable time to comply and is an undue burden.

Second and significantly, even if Steven disputes whether the subpoenas were
improperly served, it is plain to the Court that the subpoenas seek privileged and
irrelevant information that the Court previously found need not be produced.   Docs.
33, 65, 87.   J.O. and P.P. are two of Defendant's clients.   On December 5, 2014, the
Court granted Defendants' request for a protective order, finding that the request for
entire client files is overboard and would contain irrelevant and attorney-client
privileged information.   Doc. 87 at 5.   A review of the documents that Steven
requests of these non-parties (Docs. 89-1, 89-2) plainly reveals that he is still
attempting to seek such documents even after the Court has found this information
to be privileged.   The requests also are clearly overbroad.   For example, Steven
requests "any and all correspondence and documents" between the clients and

Defendant, "any" settlement documents, retainer agreements, and copies of "any statements and checks sent or received" by the clients.   Docs. 89-1, 89-2.   The Court fails to see how this information is relevant to Steven's claims, as it has previously informed him.   Doc. 87.   Thus, the subpoenas issued to J.O. and P.P. will be quashed.

Miller and Creative are Benjamin's <u>personal</u> accountants.   On September 17, 2014, the Court denied Steven's motion to compel as to Benjamin's personal tax returns but granted it has to Defendant Yormak Law's corporate tax returns and year end income statements.   Doc. 33.   Steven objected to this Court's Order, which objections were overruled by the District Court.   Doc. 65.   The Court addressed the issue again on December 5, 2014 when it entered an Order denying Plaintiff's request to file a motion to compel Miller's deposition under seal.   Doc. 86.   The Court noted that "certain documents Plaintiff requests Miller to produce at the deposition include[d] documents this Court previously found need not be produced in this case." *Id.* at n.4 (citing Doc. 33).   Still, Steven continues to attempt to obtain Benjamin's <u>personal</u> financial information.   Docs. 90-3, 90-4.   In particular, Schedule A to the subpoenas request Miller and Creative to produce "[a]ll records, financial and otherwise pertaining to Benjamin Yormak personally," and "[a]ny and all personal tax returns pertaining to Benjamin Yormak."   *Id.*   Plaintiff also requests "any and all information relating directly or indirectly to Benjamin Yormak," which of course

is extremely overbroad and unduly burdensome.  *Id.* at ¶11.  Accordingly, the subpoenas issued to Miller and Creative will be quashed.[6]

Although the Court is mindful that Steven is proceeding *pro se*, he is an attorney, licensed in Massachusetts and Canada, and should be aware that failure to comply with this Court's orders and issue subpoenas such as this could result in sanctions.  Pursuant to Federal Rule 45(d), a party that issues a subpoena but does not take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena may be sanctioned, including Defendant's reasonable attorney's fees.  Fed. R. Civ. P. 45(d)(1).  Thus, the Court will direct Steven to **SHOW CAUSE**[7] why he should not be sanctioned for his failure to abide by or attempts to violate this Court's Orders, resulting in undue burden.[8]

ACCORDINGLY, it is hereby

**ORDERED:**

1.     Defendant, Benjamin H. Yormak's Emergency Motion for Protective Order and to Quash Subpoenas on Non-Parties J.O. and P.P. (Doc. 89) is **GRANTED**. The subpoenas issued to non-parties J.O. and P.P. are hereby **QUASHED**.

---

[6] Plaintiff of course may reissue the subpoenas in compliance with the Federal and Local Rules, and within the scope of what the Court has previously found is discoverable.

[7] Should this matter not settle at the mediation set for December 22, 2014, the Court may set a hearing to discuss the status of this case and assist the parties with any other potential discovery issues so that this case may move forward.

[8] Plaintiff's failure to abide by the Court's orders may also result in the Court recommending and certifying facts to the District Court for contempt.  *See* 28 U.S.C. § 636(e)(6)(A)(iii).   *See generally Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-45 (1991); *Citronelle-Mobile Gathering, Inc. v. Watkins,* 943 F.2d 1297, 1304 (11th Cir. 1991) (noting that courts have inherent power to enforce their lawful orders through civil contempt sanctions).

2.    Defendant, Benjamin H. Yormak's Emergency Motion for Protective Order and to Quash Subpoenas on Non-Parties (Doc. 90) is **GRANTED**.   The subpoenas issued to non-parties Roger Miller and Creative Accounting Solutions, Inc. are hereby **QUASHED**.

3.    Plaintiff shall have up to and including **January 5, 2015 to SHOW CAUSE** why sanctions should not be imposed against him.

**DONE** and **ORDERED** in Fort Myers, Florida on this 19th day of December, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Unrepresented party