UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVEN YORMAK,

    Plaintiff,

v.                                Case No: 2:14-cv-33-FtM-29CM

BENJAMIN H. YORMAK and
YORMAK EMPLOYMENT &
DISABILITY LAW,

    Defendants.

## ORDER

Before the Court is Plaintiff *pro se* Steven Yormak's Response to Order to Show Cause (Doc. 100), filed on January 5, 2015. On December 19, 2014, the Court entered an Order granting Defendants' Emergency Motion for Protective Order and to Quash Subpoenas (Doc. 89), and directed Plaintiff to show cause why he should not be sanctioned for his failure to abide by or attempts to violate this Court's Orders, which had resulted in undue burden on the opposing parties.[1] Doc. 94 at 5. Specifically, the Court noted that Plaintiff served subpoenas on certain non-parties that sought privileged and irrelevant information that the Court previously found need not be produced in the case. *Id.* at 3. The Court stated that a review of the

---

[1] Pursuant to Federal Rule 45(d), a party that issues a subpoena but does not take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena may be sanctions, including Defendant's reasonable attorney's fees. Fed. R. Civ. P. 45(d)(1). Doc. 94 at 5.

documents requested of the non-parties (Docs. 89-1, 89-2) revealed that Plaintiff was attempting to seek such documents. *Id.*

In response to the Court's Order to Show Cause, Plaintiff states that discovery from the non-parties is proper and relevant to his claims and that the document requests included with the subpoenas were attached in error as he did not intend to seek production of documents regarding privileged matters or documents the Court previously determined should not be produced. Doc. 100 at ¶¶ 13, 24. He states that he informed opposing counsel of this by email dated December 18, 2014. Doc. 100-1. He further states that he was not familiar with the Local Rule requiring 14-days' notice to the deponent and the opposing party. *Id.* at ¶ 20; M.D. Fla. R. 3.02. Plaintiff avers that he has attempted in good faith to comply with this Court's Orders and work within time constraints given that he is prosecuting his case from Canada.

In its Order, the Court only found that the documents requested of these individuals would contain information that the Court previously determined was irrelevant or privileged and therefore quashed the subpoenas. The Court did not determine that Plaintiff could not depose the non-parties.[2] The Court noted that Plaintiff could reissue the subpoenas in compliance with the Federal and Local Rules, and within the scope of what the Court has previously found is discoverable. *Id.* at n.6.

Upon review of the record and Plaintiff's response, the Court finds that sanctions are not appropriate in this instance. Plaintiff acknowledges that he

---

[2] And the Court is making no finding as to the propriety of deposing the non-parties.

requested the documents in error and does not intend to seek documents or information from non-parties that is privileged or the Court previously determined was not discoverable. Further, Plaintiff corresponded in good faith with opposing counsel, stating that he did not intend to pose any question or request documents pertaining to Defendant Benjamin H. Yormak's personal financial information. Doc. 100-1. In the future, Plaintiff should not file any requests or subpoenas that seek such information and are not in compliance with this Court's Orders. Although Plaintiff is proceeding *pro se*, this is no excuse for not complying with the Local and Federal Rules and the Orders of this Court.

Finally, upon review of Exhibits A, F, G, H, and I to Plaintiff's response, the Court notes that these exhibits contain confidential information protected by the Confidentiality Order. Doc. 91. Plaintiff did not move for leave to file these exhibits under seal or otherwise file redacted copies as the Confidentiality Order directs. *Id.* at ¶ 8. In this instance, the Court will direct the Clerk to file these exhibits under seal. In the future, Plaintiff must first file a motion to seal in compliance with Local Rule 1.09 prior to filing any such documents.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Court will take **NO FURTHER ACTION** on its Order to Show Cause (Doc. 94).

2. The Clerk of Court is directed to place Exhibits A, F, G, H, and I to Doc. 94 under seal.

**DONE** and **ORDERED** in Fort Myers, Florida on this 8th day of January, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Unrepresented party

- 4 -