## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

STEVEN YORMAK,

        Plaintiff,

v.                               Case No:  2:14-cv-33-FtM-29CM

BENJAMIN H. YORMAK and
YORMAK EMPLOYMENT &
DISABILITY LAW,

        Defendants.

_____

## ORDER

This matter is before the Court on various discovery motions filed by the parties (Docs. 105, 106, 112, 121, 123, 124, 137, 139, 149, 154, 159), Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 119)[1] and Defendant Yormak Employment & Disability Law's ("Yormak Law") Motion to Extend Time to Disclose Expert Report [and Discovery Deadline] (Docs. 129, 150).   Responses were filed or permitted to be filed, and the motions are ripe for review.   Discovery was set to close on March 13, 2015 (Doc. 88), and the case currently is set for trial during the August 2015 trial term.   The Court heard extensive argument on the motions during a three-hour hearing held on March 11, 2015.   Based upon the Court's detailed review of the briefs, the applicable case law and arguments of counsel and the *pro se* parties,[2] the

---

[1] Although the Court heard argument on the motion to amend, it will be addressed by separate Order.

[2] Both Plaintiff Steven Yormak and his son, Defendant Benjamin Yormak, are appearing *pro se*.   For clarity and not from of lack of respect, occasionally the Court will refer to the Yormaks as "Steven" and Benjamin."   Both *pro se* parties are attorneys; Benjamin is

Court makes the following rulings and incorporates by reference herein the detailed discussion and reasoning provided in the hearing.

## I.   DISCOVERY MOTIONS

**A.   Defendant BHY Consulting LLC's Motion to Compel Discovery (Doc. 105), filed January 13, 2015; and Plaintiff's response to the Motion to Compel contained within a Motion for Protective Order (Doc. 112), filed January 25, 2015**

Defendant Yormak Law objected to a number of Plaintiff *pro se* Steven Yormak's responses to its Second Request for Production.   During the hearing, the Court expressed concern that some of the requests were overbroad, specifically Request Nos. 7 and 8, and directed Yormak Law to submit more narrowly-tailored requests by March 13, 2015.   Defendant did so, and submitted the narrowed Second Request for Production (Doc. 162-1), which replaces the prior discovery request (Doc. 105-1).   Thus, the Motion to Compel (Doc. 105) as to the requests in Doc. 105-1 is **DENIED as MOOT.**

The Court has taken this opportunity, however, to review the amended and narrowed discovery requests and notes that some of these requests suffer from the same infirmities as the original requests.   Thus, although there are no pending objections or motions before the Court as yet, the Court will provide the parties guidance as to the new discovery requests and what the Court finds to be relevant and discoverable.   Unless otherwise noted, the Court will refer to the new discovery request numbers (Doc. 162-1).

---

licensed to practice in the State of Florida and Steven is licensed to practice in the Commonwealth of Massachusetts and the Law Society of Upper Canada.

The Court finds that the requests seeking time records and consulting agreements, as narrowed, to be relevant and discoverable.[3]   Thus, Request Nos. 1, 3, and 6 are relevant, and Plaintiff should respond to them without objection.   Plaintiff must provide such time records and consulting agreements, however, only as he keeps them in the normal course of business.   As to Request No. 2, although Defendant narrowed the time period to include documents from 2011 to present, Plaintiff previously stated with respect to the original Request No. 4, which is identical except for the time limitation, that there are no such documents responsive to the request; therefore, Plaintiff is not obligated to respond to Request No. 2 unless he has any additional responsive documents.   As to Request No. 4, Plaintiff previously stated as to the original Request No. 6, which was identical, that he has produced all responsive documents; therefore, Plaintiff need only respond to this request if he has any additional responsive documents to provide.   The Court finds Request No. 5 as more narrowly tailored is relevant and discoverable, and therefore Plaintiff should be able to respond without objection to Request No. 5.

Except as to the requests discussed above to which Plaintiff either did not have responsive documents or already responded, Plaintiff's Motion for Protective Order (Doc. 112) is **DENIED as MOOT** in light of Defendant Yormak Law's filing of its Second Request for Production (Doc. 162-1).

---

[3] As to time period, the parties allegedly entered an oral consulting agreement in May 2011, later memorialized in writing, which was then terminated in 2012.   Therefore, for these and other requests (including those to be more narrowly tailored as discussed herein), Plaintiff is required only to provide records limited to the time period from January 2011 to December 2012.

**B.  Defendant Benjamin Yormak's Motion to Compel Discovery (Doc. 106), filed January 13, 2015; and Plaintiff's response to the Motion to Compel, which contained a Motion for Protective Order (Doc. 112), filed January 25, 2015**

At the outset and as discussed at the hearing, the Court notes that 80 requests were included in Benjamin's Second Request for Production to Plaintiff, some of which are extremely overbroad, requesting documents "that in any way relate" to Plaintiff's experience in certain areas of the law.   Judges are afforded broad discretion over discovery matters in order to expeditiously move cases to disposition. The Court has "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Board of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001); *Howard v. Hartford Life Acc. Ins. Co.*, 2012 WL 3069384, at *2 (M.D. Fla. July 26, 2012).   Given this and the nature of the claims and legal issues in this case, the Court directed Benjamin to work to narrow and limit the requests so that discovery may move forward expeditiously.

Therefore, the Motion to Compel (Doc. 106) as to Benjamin's Second Request for Production of Documents (Doc. 106-2) is **DENIED.**   The Court will allow Benjamin until **March 20, 2015** to serve on Plaintiff no more than 10 narrowly-tailored requests, using the Court's prior discussions at the hearing and herein as guidelines to what is proper, and inform the Court that he has done so.   The Court cautions Benjamin that this is an opportunity to focus on any remaining issues that are necessary for his defense against the narrow claims in this case, so that he may provide such documents to his expert(s).   Benjamin may not duplicate requests already made by Yormak Law.

The Court further notes that it reviewed a number of Benjamin's requests with Plaintiff at the hearing, to which he stated that he already has provided all responsive documents in his possession. Accordingly, as to any request to which Plaintiff already has produced documents in response, he is under no further obligation to respond; and Benjamin should not make any further requests for such documents. Plaintiff is cautioned, however, that any objections he makes to future requests should be specific to that request and not merely refer to his general objections. Having said that, the Court strongly encourages the parties to work together in good faith to resolve any further objections prior to seeking Court intervention.

As to the Motion to Compel (Doc. 106) Defendant Benjamin's Second Set of Interrogatories to Plaintiff (Doc. 106-3), the motion also is **DENIED**; and Benjamin likewise will be permitted until **March 20, 2015** to serve on Plaintiff no more than 5 narrowly-tailored interrogatories, keeping in mind the Court's prior discussions at the hearing and herein, including the relevant time periods discussed (*see e.g.,* n. 3) as guidelines to what is proper, and inform the Court that he has done so.

C.   **Plaintiff's Motion to Compel Defendant to Comply with Magistrate Judge Order (Doc. 121), filed February 5, 2015**

On December 5, 2014, the Court entered an Order (Doc. 87 at 8), finding that the information requested in Interrogatory No. 2 of Plaintiff's First Request for Interrogatories was relevant and ordered Defendants to supplement their responses by December 19, 2014, which they did. Plaintiff objects that the responses were insufficient. Defendant Yormak Law responds that it supplemented its response as it was ordered to do, and if Plaintiff now wishes to obtain documents, he may serve a

request for production pursuant to Federal Rule 34.   The Court agrees and **DENIES** the motion to compel (Doc. 121), as Defendants have supplemented their response to Interrogatory No. 2.   If Plaintiff seeks documents, he may serve a request for production for documents specifically limited to the information requested in Interrogatory No. 2, and will be permitted to do so on or before **March 20, 2015.**

### D.   Plaintiff's Motion to Order Defendant Benjamin Yormak to Re-Attend Deposition and Answer Questions Regarding Corporate Income Tax Deductions (Doc. 123), filed February 5, 2015

Plaintiff requests that the Court order Defendant Benjamin sit for a second deposition, arguing that he was not prepared to answer certain questions regarding his corporate tax returns.   Defendant Benjamin's full-day deposition took place on December 11, 2014.   The deposition was not noticed as a Rule 30(b)(6) deposition; rather, it was noticed for deposition only (with no *duces tecum*) of Benjamin on behalf of both Defendants.   Prior to Benjamin's deposition, the Court entered an Order on December 5, 2014, ordering Defendants to supplement their responses to Interrogatory No. 2 by December 19, 2014, which they did.

Plaintiff now seeks to depose Benjamin a second time based upon the supplementary responses.   The Court finds that Plaintiff has not shown cause for a second deposition of Benjamin and **DENIES** the Motion (Doc. 123).   As discussed *infra*, however, the Court will allow Plaintiff to take one Rule 30(b)(6) deposition of Defendant Yormak Law, limited only to questions regarding the supplemental information provided on December 19, 2014.

E.   Plaintiff's Motion to Compel Attendance for Deposition February 25, 2015 to Non-Party Roger Miller and Creative Accounting Solutions and Production of Documents (Doc. 124), filed February 5, 2015; and Defendant Benjamin H. Yormak's Second Emergency Motion for Protective Order and to Quash Subpoenas on Non-Parties (Doc. 154), filed March 10, 2015.   Plaintiff's response to Benjamin Yormak's Emergency Motion contained a Motion for Sanctions (Doc. 159), filed on March 11, 2015

The parties informed the Court at the hearing that the deposition of Roger Miller and Creative Accounting Solutions took place on March 11, 2015.   Therefore, the parties agreed that these motions (Docs. 124 and 154) are now moot, thus they shall be **DENIED AS MOOT**.   Plaintiff argues that sanctions should be entered against Benjamin for attempting to manipulate Mr. Miller.   The Court finds that sanctions are not warranted.   Benjamin did not impede Mr. Miller's deposition from taking place as it went forward on March 11, 2015, as noticed by Plaintiff.   Thus, Plaintiff's Motion for Sanctions (Doc. 159) is **DENIED**.

F.   Defendant Benjamin H. Yormak's Motion to Overrule Plaintiff's Objections to Non-Party Production (Doc. 137), filed February 13, 2015; Defendant BHY Consulting's Motion to Overrule Plaintiff's Objections to Non-Party Production (Doc. 139), filed February 16, 2015; and Plaintiff's response to the Motion to Overrule contained a Motion for Protective Order (Doc. 149), filed March 2, 2015

Benjamin moves to overrule Plaintiff's objections to a subpoena directed to Plaintiff's expert, Heinz Ickert, and non-parties Dropbox, Inc. and SRY Consulting. Benjamin informs the Court that he has not yet served the subpoenas.   Thus, the Court finds that the Motions (Docs. 137, 139) are not yet ripe for the Court's review and are **DENIED** on this basis.   Therefore, Plaintiff's Motion for Protective Order (Doc. 149) also is **DENIED**.

The parties were directed at the hearing to meet and confer prior to the subpoenas being issued and come to an agreement regarding the documents requested. Benjamin must serve subpoenas in compliance with Federal Rules of Civil Procedure 26 and 45,[4] and he is cautioned now, as he was at the hearing, that he should ensure that the subpoenas are not objectionable so that the Court is not faced with a motion to quash. If Plaintiff believes any of the information is protected as work product, he should provide a privilege log to opposing counsel.

## II. CASE MANAGEMENT SCHEDULE

**A.      Defendant BHY Consulting, LLC's Motion for Enlargement of Time to Disclose Expert Report (Doc. 129), filed February 9, 2015; and Defendant BHY Consulting, LLC's Supplement to Motion for Enlargement of Time to Disclose Expert Report (Doc. 150), filed March 3, 2015**

The Court discussed the schedule with the parties and agreed to extend the case management scheduling order to permit limited discovery as noted in this Order. Therefore, the motions are **GRANTED** to the extent discussed herein, and the schedule is extended as follows:

---

[4] Federal Rule 26(b)(4)(C) protects communications between a party's attorney and their expert witness, except to the extent the communications:

(i) relate to compensation for the expert's study or testimony;

(ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

(iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

1. To the extent the Court has granted Defendants Motions to Compel, Plaintiff shall have up to and including **April 13, 2015** to produce responsive documents and respond to interrogatories.

2. Defendants' expert reports are due **March 20, 2015**.

3. Discovery is extended to **April 27, 2015** for the limited purposes of allowing the parties to respond to the discovery requests that are at issue in this Order. **No new written discovery may take place.** Plaintiff also is permitted to properly notice and take a Rule 30(b)(6) deposition of the corporate defendant by this date. The parties should work together to find a mutually agreeable date. The deposition is limited to one-half day (no longer than 4 hours) and limited to questions regarding the documents Defendants provided after Benjamin Yormak's deposition. As expert reports of both parties have yet to be exchanged, the Court also will allow both parties' experts to be deposed by this date as well.

4. Dispositive motions will be due on or before **June 26, 2015**.

5. The trial will be continued to the **November 2015** trial term.

6. The Court directs the Clerk to issue an amended case management and scheduling order consistent with this Order reflecting the revised deadlines and trial schedule.

7. Finally, to the extent that the parties have requested attorney's fees and costs incurred or other sanctions in filing the motions at issue in this Order, the

requests are **DENIED**.   The Court finds that both parties have served overbroad and irrelevant discovery requests on each other and have unnecessarily protracted the litigation of this case.   If the parties continue to engage in evasive discovery tactics, however, and otherwise fail to follow the directives issued by the Court in this Order and discussed in detail and at length in the hearing, the Court will entertain imposing sanctions accordingly.[5]

  **DONE** and **ORDERED** in Fort Myers, Florida on this 16th day of March, 2015.


CAROL MIRANDO
United States Magistrate Judge

Copies:

Hon. John E. Steele
Counsel of record
Unrepresented parties

---

[5] At the hearing, the Court acknowledged the filing of Defendant BHY Consulting, LLC's Motion for Settlement Conference Before United States Magistrate Judge.   Doc. 147. Although Plaintiff Steven informed the Court that he agrees to a settlement conference, he maintains his request that it take place before a United States District Judge.   This motion will be addressed by the District Court.