UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVEN YORMAK,

    Plaintiff,

v.    Case No: 2:14-cv-33-FtM-29CM

BENJAMIN H. YORMAK and
YORMAK EMPLOYMENT &
DISABILITY LAW,

    Defendants.

## REPORT AND RECOMMENDATION[1]

Before the Court is Plaintiff's Re-filed Motion for Leave to File Second Amended Complaint and Leave to File Claim for Punitive Damages, if necessary, Pursuant to F.S. 768.72 and Memorandum of Law (Doc. 119, "Motion to Amend"), filed on February 5, 2015, and Defendant Benjamin H. Yormak's Response (Doc. 133), filed on February 13, 2015. The Court also will address the Affidavit of Adam J. Yormak filed on March 17, 2015. The Court heard argument on this motion during a three-hour hearing held on March 11, 2015. Based upon the Court's detailed review of the filings, the applicable case law and arguments of counsel and the *pro se* parties[2], the Court recommends this Re-filed Motion for Leave to File Second

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

[2] Both Plaintiff Steven Yormak and his son, Defendant Benjamin Yormak, are appearing *pro se*. For clarity and not from lack of respect, occasionally the Court will refer to the Yormaks as "Steven" and "Benjamin." Both *pro se* parties are attorneys; Benjamin is licensed to practice in the State of Florida and Steven is licensed to practice in the Commonwealth of Massachusetts and the Law Society

Amended Complaint be denied. The Court also finds that the Affidavit of Adam J. Yormak should be stricken.

The deadline to amend pleadings and add parties expired on July 31, 2014. Doc. 23 at 1. At no point has this deadline been extended. Plaintiff filed the initial Motion for Leave to Amend the Complaint on November 4, 2015. Doc. 69. Over four months after the deadline to amend pleadings. This motion was stricken because the personal tax records and financial records of Defendant Benjamin Yormak and his spouse were attached. Doc. 86 at 2. The parties previously agreed such information would remain confidential. *Id.* at 1. The Court directed Plaintiff to re-file the Motion for Leave to File Second Amended Complaint without any confidential financial information. *Id.* at 2. If the financial information was necessary, the Court ordered Plaintiff to file the information under seal when he re-filed the motion. *Id.* at 2-3.

Plaintiff did not re-file the Motion to Amend until February 5, 2015, two months after the Court Order entered on December 5, 2014. Doc. 119; Doc. 86. The Plaintiff offered no explanation showing good cause for the delay.

When a motion to amend is filed after a scheduling order deadline, as it is here, Rule 16 of the Federal Rules of Civil Procedure is the proper rule to apply to determine whether a party's delay may be excused. *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 n.2, 1419 (11th Cir. 1998). Only after the movant demonstrates good cause under Rule 16(b) may the Court consider whether amendment is proper under Rule 15(a). In *Sosa*, the court considered three factors demonstrating a lack of

---

of Upper Canada.

good cause: 1) plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; 2) the information supporting the proposed amendment was available to plaintiff; and 3) even after acquiring information, plaintiff delayed in asking for amendment. 133 F.3d at 1419.

Based on the three factors enumerated above, Plaintiff has failed to show good cause for the delay; and, on that basis alone, his motion should be denied. Plaintiff is requesting leave to add claims for fraud and misappropriation of copyright slogan. Doc. 119. Plaintiff has failed to demonstrate, however, why he failed to ascertain the facts necessary to support these claims prior to the deadline for amending the pleadings. It appears, based on documentation supplied by Defendant Benjamin, that Plaintiff was well aware before the deadline to amend that Defendant was using the slogan Plaintiff contends is his property. Doc. 133 at 7; Doc. 133-1. Defendant Benjamin provided to the Court a copy of the correspondence dated October 2, 2013 sent by Plaintiff to Defendant Benjamin's Canadian counsel. Doc. 133-1 at 2. In the correspondence, Plaintiff stated the website and other promotional property were being misappropriated by Defendants. *Id.* As Plaintiff was aware of Defendants continued use, there is no justifiable reason Plaintiff could not have alleged this claim in the original complaint or discovered the alleged misappropriation prior to the deadline for amending the pleadings. Certainly with some diligence, this information could have been discovered sooner; and there is no explanation from Plaintiff as to why discovery as to this issue was not conducted earlier in the case.

Finally, even after Plaintiff acquired the information supporting his proposed amended complaint, Plaintiff was delayed in filing for leave to amend. Plaintiff alleges that he did not obtain certain financial information necessary for the fraud claim until December 2014, during the Defendant Benjamin's deposition. Doc. 119 at 12-13. Assuming this statement is true, Plaintiff failed to re-file his amended complaint until February 5, 2015. Doc. 119. Moreover, Plaintiff had some of the financial information to support the claim prior to the deposition, because he initially filed this Motion for Leave to Amend attaching some of the financial documents on November 4, 2014, prior to the December 2014 deposition. Doc. 68. Rather than re-filing the documents under seal as directed by the Court, Plaintiff waited until February 5, 2015 to re-file the motion and supporting documents. Doc. 119. Plaintiff offered no explanation for the delay and failed to show good cause. Therefore, this motion should be denied.

Even if good cause could be established, the motion to amend should be denied, because amendment is futile and unduly prejudicial. Once good cause is found, Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be denied for "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [,and] futility of amendment.'" *Forman v. Davis*, 371 U.S. 178, 182 (1962). If a proposed amendment would not survive a motion to dismiss, the motion to amend will be denied as futile. *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869

(11th Cir. 2010).

Here, Plaintiff does not state sufficient facts with particularity to support his conclusory allegations regarding fraud. The elements of common law fraud under Florida law are: 1) a false statement of fact; 2) known by the person making the statement to be false at the time it was made; 3) made for the purpose of inducing another to act in reliance thereon; 4) action by the other person in reliance on the correctness of the statement; and 5) resulting damage to the other person. *Gandy v. Trans World Computer Tech. Grp.*, 787 So.2d 116, 118 (Fla. 2d DCA 2001). Rule 9(b) requires fraud allegations to be plead "with particularity," which means a plaintiff must plead facts as to time, place and substance of the defendant's alleged fraud. *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir. 2006).

Plaintiff alleges, "[t]he Defendants consistently misrepresented the firm's income intentionally beginning in 2012 by direct misrepresentation and omission purposely and maliciously refusing to disclose the financial information knowing that the Plaintiff had to no means to independently obtain the information to determine the amount owed to him." Doc. 119 at 16. Plaintiff fails to identify specific facts as to the time, place and substance of Defendants' alleged fraud. Plaintiff makes conclusory allegation related to the purported fraud but in no way does Plaintiff plead the alleged fraud with sufficient particularity to support the claim. Therefore, granting Plaintiff's request to amend would be futile, subjecting the claim to dismissal.

Additionally, Plaintiff's shotgun pleading does not rise to the level of specificity

required of a claim for fraud. "Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." *Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d. 1273, 1279 (11th Cir. 2006). Plaintiff's proposed Second Amended Complaint is a classic example of a shotgun pleading. Doc. 119-1. He states in paragraph 36 of the proposed second amended complaint, "[r]eallege paragraphs one (1) through thirty-five (35) inclusive, as if fully stated herein." Doc. 119-1 at 10. This is especially problematic for fraud claims, because it leaves the Defendants wondering which prior paragraphs support the claim for fraud. *Wagner* 464 F.3d at 1277.

Typically the remedy for shotgun pleadings is to allow the Plaintiff to re-plead the claim. *Id.* at 1280. In this case, allowing Plaintiff to re-plead the claim or amend his complaint would unduly prejudice Defendants. "Examples of situations in which the court might deem an amendment prejudicial are if the opponent would be required to engage in significant new preparation at a late stage of the proceedings, [or] if the defendant would be put to added expense and the burden of a more complicated and lengthy trial…." *Dannebrog Rederi A S v/ M/Y True Dream*, 146 F.Supp.2d 1307, 1315 (S.D. Fla. 2001)(citing 6 Wright & Miller, *Federal Practice and Procedure* § 1487 (Civil 2d 1990)). Here, both parties have expended significant time and resources litigating this case. Therefore, allowing Plaintiff to amend his complaint would unduly prejudice Defendants and this motion should be denied.

Unrelated to the Motion at issue is the Affidavit of Adam J. Yormak filed on March 17, 2015 (Doc. 166, "Affidavit"). Adam J. Yormak, the cousin of both Plaintiff

and Defendant Benjamin, filed an Affidavit providing his opinion of this case. Doc. 166 at 1. This Affidavit was unsolicited, and Adam J. Yormak has no authority to appear before the Court. This type of filing by a non-party is inappropriate and should be stricken. *See generally Ben-Zvi v. Bo Hi Pak*, 510 F. App'x. 2 (2d Cir. 2013).

Accordingly, it is respectfully

**RECOMMENDED:**

1.  Plaintiff's Re-Filed Motion for Leave to File Second Amended Complaint and Leave to File Claim for Punitive Damages (Doc. 119) be **DENIED**.

**ORDERED:**

2.  The Affidavit of Adam J. Yormak (Doc. 166) is **STRICKEN** and the Clerk shall remove the pleading from the docket.

**DONE** and **ENTERED** in Fort Myers, Florida on this 26th day of March, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Honorable John E. Steele
Counsel of record