UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVEN YORMAK,

    Plaintiff,

v.                          Case No: 2:14-cv-33-FtM-29CM

BENJAMIN H. YORMAK, and YORMAK EMPLOYMENT & DISABILITY LAW, the fictitious name of BHY Consulting, LLC, a Florida limited liability company,

    Defendants.

_____

**<u>OPINION AND ORDER</u>**

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #169), filed March 26, 2015, recommending that Plaintiff's Re-Filed Motion for Leave to File Second Amended Complaint and Leave to File Claim for Punitive Damages (Doc. #119) be denied. Plaintiff filed an Objection (Doc. #187) on May 4, 2015.[1] No response from Defendants is anticipated.[2] For the reasons set forth below, the Magistrate

---

[1] Plaintiff's Objection was filed under seal because it contained Defendants' confidential financial information. Plaintiff also filed a redacted version of the Objection as an attachment to his Motion to Seal. (Doc. #183.)

[2] Defendant Benjamin Yormak filed a Suggestion of Bankruptcy (Doc. #177) on April 24, 2015 and the case was stayed as to him on that basis (Doc. #181). On the same day, counsel for Defendant BHY Consulting, LLC notified the Court of their intent to withdraw. That request was granted on May 6, 2015. (Doc. #184.)

Judge's Report and Recommendation is accepted and adopted, and Plaintiff's Re-Filed Motion for Leave to File Second Amended Complaint and Leave to File Claim for Punitive Damages (Doc. #119) is denied.

## I.

Plaintiff Steven Yormak (Plaintiff) has filed a four-count Amended Complaint (Doc. # 13) against Defendants Benjamin Yormak (Yormak) and BHY Consulting, LLC (BHY) alleging breach of a written consulting agreement (Count One), breach of an oral consulting agreement (Count Two), unjust enrichment (Count Three), and seeking recovery in quantum meruit for legal consulting services (Count Four)[3]. The underlying facts, as set forth in the Amended Complaint, are as follows.

Plaintiff is a lawyer admitted to the Bar of Massachusetts and the Law Society of Upper Canada (Ontario Bar). (Doc. #13, ¶

---

[3] Plaintiff has notified the Court that he intends to voluntarily dismiss his claim for recovery in quantum meruit. (Doc. #34.) In the Eleventh Circuit, "precedent dictates that Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action." Campbell v. Altec Indus., Inc. 605 F.3d 839, 841 n.1 (11th Cir. 2010). Accordingly, if Plaintiff no longer intends to assert this claim, he must file a Second Amended Complaint in order to do so. The Court hereby grants Plaintiff leave to file a Second Amended Complaint solely for this purpose. Because Plaintiff's Re-Filed Motion for Leave to File Second Amended Complaint and Leave to File Claim for Punitive Damages (Doc. #119) is denied, Plaintiff's Second Amended Complaint must be otherwise identical to the Amended Complaint (Doc. #13). Plaintiff shall file his Second Amended Complaint within fourteen days of this Opinion and Order.

2.) Yormak is an attorney admitted to the Florida Bar and is the sole managing member of BHY, which conducts business under the name Yormak Employment & Disability Law (YED).  (Id. at ¶¶ 3-4.)  On May 1, 2011 Plaintiff and Yormak entered into an oral consulting agreement under which Plaintiff was to assist Yormak in creating and operating an employment and disability law practice through the provision of various consulting services.  (Id. at ¶¶ 11-12.)  On August 18, 2012, the parties memorialized the oral agreement in writing.   (Id. at ¶ 13.)   Plaintiff provided the consulting services from May 2011 through December 2012 when Yormak breached the consulting agreements by refusing to pay Plaintiff.  (Id. at ¶ 15.)   Plaintiff seeks compensation from Defendants for the unpaid consulting services via causes of action for breach of the oral and written consulting agreements, unjust enrichment, and recovery in quantum meruit.  (Id. at ¶¶ 10-47.)

On February 5, 2015, Plaintiff filed a Re-Filed Motion for Leave to File Second Amended Complaint and Leave to File Claim for Punitive Damages (Doc. #119).  In that motion, Plaintiff seeks leave to further amend his complaint in order to (1) add a cause of action for fraud; (2) add a cause of action for misappropriation of a copyrighted slogan; and (3) add a demand for punitive damages.  On March 26, 2015, the Magistrate Judge issued a Report and Recommendation (Doc. #169) recommending that the motion be denied.  The Magistrate Judge concluded (1) that the motion should be denied

because it was filed well after the applicable scheduling order deadline without a showing of good cause for the delay; and (2) that even if good cause for delay in moving to add the fraud claim was found, amendment would be futile because the fraud claim is inadequately pled.

**II.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

**III.**

Plaintiff's Objection does not address the portion of his motion seeking to add a demand for punitive damages.  The Court agrees with the Magistrate Judge's determination that Plaintiff has not shown good cause for delay in moving to add the demand and, therefore, that potion of Plaintiff's motion will be denied.

Concerning Plaintiff's proposed claim for misappropriation of a copyrighted slogan, Plaintiff does not contest the Magistrate Judge's determination that he was aware of Defendants' alleged use of his slogan no later than October 2, 2013, more than a year before Plaintiff filed his initial motion for leave to amend. Plaintiff's sole explanation for the delay is that he instructed his previous counsel to include such a claim in his Amended Complaint, but that his counsel advised against it.  The Court agrees with the Magistrate Judge that this is insufficient to demonstrate good cause and, therefore, that portion of Plaintiff's motion will be denied.

The remainder of Plaintiff's Objection focuses on his request to further amend his complaint to add a claim for fraud.  Plaintiff makes two arguments in this regard.  First, Plaintiff argues that he has shown good cause for delay in moving to amend because he did not obtain the information necessary to plead his fraud claim until Defendants produced certain financial records on December 19, 2014.  However, as noted by the Magistrate Judge, Plaintiff

was in possession of at least a portion of Defendants' financial information at a much earlier date because on November 4, 2014 he filed such information as an exhibit to his initial motion to amend.  (Doc. #68.)  As that motion also sought leave to add a fraud claim, Plaintiff's contention that he was unaware of Defendants' alleged fraud until December is dubious.  Furthermore, even if Plaintiff was not in possession of the necessary information until December, he nevertheless waited nearly two months before filing his proposed second amended complaint.  The Court agrees with the Magistrate Judge that Plaintiff has failed to show good cause for this delay, and, therefore, Plaintiff's motion will be denied.

Second, Plaintiff argues that his proposed second amended complaint adequately alleges a claim for fraud and, therefore, the Magistrate Judge erred in concluding that amendment would be futile.  As an initial matter, Plaintiff's failure to demonstrate good cause for delay in moving to amend his complaint is sufficient grounds for denying his motion.  Therefore, even if Plaintiff's proposed fraud claim were adequately pled, Plaintiff's motion would nevertheless be denied.  In any event, as set forth below, the Court agrees with the Magistrate Judge that Plaintiff's proposed fraud claim is inadequately pled.

Fraud claims are subject to the heightened pleading requirements of Rule 9(b), which require a complaint "to state

with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "Particularity means that a plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them." U.S. ex rel. Atkins v. McInteer, 470 F.3d 1350, 1357 (11th Cir. 2006) (quotations omitted). Plaintiff's proposed fraud claim does not meet this standard.

In support of his proposed fraud claim, Plaintiff alleges that Defendants committed fraud "from 2012 onward" by misrepresenting the number of YED clients, keeping financial information from Plaintiff, misrepresenting net income in tax filings, and keeping funds received form clients in trust accounts in order to "hide income" from Plaintiff. (Doc. #119-1, ¶ 37.) These allegations are insufficient to plead fraud with the specificity required by Rule 9(b). Plaintiff does not specify the content of the alleged misrepresentations, when they were made, or why they were false. Moreover, with the exception of a conclusory allegation that Yormak misrepresented income in tax filings, Plaintiff does not specify who made the alleged misrepresentations on behalf of Defendants. As a result, the Court agrees with the Magistrate Judge that Plaintiff's proposed fraud claim is not pled with the requisite specificity.

Amendment would also be futile because Plaintiff has failed

to allege that he relied on Defendants' purported fraud to his detriment. Under Florida law, the elements of common law fraud are: "(1) a false statement of fact; (2) known by the person making the statement to be false at the time it was made; (3) made for the purpose of inducing another to act in reliance thereon; (4) action by the other person in reliance on the correctness of the statement; and (5) resulting damage to the other person." State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., 427 F. App'x 714, 720 (11th Cir. 2011) (quoting Gandy v. Trans World Computer Tech. Grp., 787 So. 2d 116, 118 (Fla. 2d DCA 2001)), rev'd in part on other grounds sub nom., State Farm Mut. Auto. Ins. Co. v. Williams, 563 F. App'x 665 (11th Cir. 2014).

Here, Plaintiff alleges that he relied on Defendants to provide accurate financial information because such information was necessary to calculate the amounts owed to him pursuant to the consulting agreements. (Doc. #119-1, ¶ 37.) However, Plaintiff does not allege that he acted in reliance on the financial information he received. To be sure, in connection with his breach of contract claims, Plaintiff alleges that he provided consulting services to Defendants from May 2011 through December 2012 pursuant to the parties' oral and written consulting agreements. However, because Defendants' alleged fraud did not occur until an unspecified time in 2012, Plaintiff could not have made his decision to act as Defendants' consultant in reliance on their

misrepresentations. Indeed, the thrust of Plaintiff's fraud claim appears to be accounting irregularities in Defendants' financial statements which were discovered by Plaintiff's accountant *during* this litigation. As Plaintiff does not allege that he was previously provided with copies of these statements (or that Defendants made previous representations as to their contents), their falsehood would not constitute fraud upon Plaintiff.

In sum, Plaintiff's proposed second amended complaint does not adequately allege a cause of action for fraud. Accordingly, the Court agrees with the Magistrate Judge's determination that amendment would be futile and, therefore, this portion of Plaintiff's motion will be denied.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #169) is hereby **ACCEPTED and ADOPTED** and the findings incorporated herein.

2. Plaintiff's Objection (Doc. #187) is **OVERRULED.**

3. Plaintiff's Re-Filed Motion for Leave to File Second Amended Complaint and Leave to File Claim for Punitive Damages (Doc. #119) is **DENIED.**

4. Plaintiff is granted leave to file a Second Amended Complaint for the sole purpose of removing his cause of action for recovery in quantum meruit. Plaintiff must file the Second

Amended Complaint within **fourteen (14) days** of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this __18th__ day of May, 2015.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record